IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Case No.

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

TIM MUEHLER d/b/a MILLS COUNTRY
MARKET and MASON BROTHERS
COMPANY,

    Defendants.

---

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendants Tim Muehler d/b/a Mills Country Market ("Muehler") and Mason Brothers Company ("Mason Bros.") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2.    Muehler is an individual who is a citizen of the State of Minnesota residing at 817 Kingsley Ave SW, Wadena, MN 56482.

3.    Mason Bros. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 222 4th Street NE, Wadena, MN 56482.  Mason Bros. serves as its own agent for service of process.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.      Plaintiff's Business and History

7.      Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry.  By offering its customers access to tens of

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

8.      Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos")[1] is one of the customers/photography agencies represented by Plaintiff.  Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

## II.      The Works at Issue in this Lawsuit

9.      One or more professional photographers employed by Plaintiff's above-named customer created multiple photographs of food items (collectively referred to herein as the "Work") which were allegedly infringed by Defendants as set forth herein.  Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

10.      Each photograph comprising the Work was registered by the above-named customer with the Register of Copyrights and was assigned a registration number

---

[1]      Adlife Marketing & Communications Co., Inc. was formed as a Massachusetts corporation on April 21, 1988.  Pursuant to Articles of Merger filed with the Secretary of the Commonwealth of Massachusetts on May 22, 2015, Adlife Marketing & Communications Co., Inc. was merged into a Rhode Island corporation as of that date, with the Massachusetts corporation ceasing to exist thereafter.  On March 3, 2021, Adlife Marketing & Communications Co., Inc. filed Articles of Amendment with the Rhode Island Department of State which changed the company's name to Prepared Food Photos, Inc.

thereby.  A true and correct copies of each Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

11.    Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

12.    On December 12, 2024, Plaintiff and its above-named customer executed an Agency Agreement for the Licensing of Rights Managed Works (the "Agency Agreement") whereby such above-named customer conveyed to Plaintiff the "unrestricted, exclusive right to distribute, License[2] and/or exploit the Works[3] in the Territory[4] through Agency[5]."  The Agency Agreement likewise grants further exclusive rights as follows:

> 6.2.    Customer grants Agency the exclusive use rights to the Works, such rights not being limited in substance or geographical scope, as well as the right to sub-license the submitted Works. They include, in particular, the right to copy works in whole or in part, the right to reproduce, exhibit, disseminate, modify, adapt or publish the works. Such rights may be exercised through all analogue or digital exploitation and marketing channels, in particular via print media, websites, other electronic formats, mobile devices, television, movies and exhibitions, and may be used for any purpose, especially for advertising, sales promotion, marketing in and on products, corporate communications, press articles, press statements, brochures, reports, decoration, consumer use, programs or films. This also includes types of use that only become technically feasible or economically exploitable in the future.

---

[2]    "License" is defined in the Agency Agreement as "the marketing, grant, lease, sale, use or other exploitation of reproduction rights to a Work or any derivative rights thereof."
[3]    "Works" is defined in the Agency Agreement as "all photographic, video, and/or artistic matters including but not limited to digital files, original transparencies, duplicates, negatives, prints, positives or compilations of any of the foregoing items…."
[4]    "Territory" is defined in the Agency Agreement as "world-wide without exception."
[5]    Plaintiff is defined in the Agency Agreement as the "Agency" and Prepared Food Photos is defined as the "Customer."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

6.3.    Agency shall have the exclusive right to authorize the making of copies of the Works and/or distribute copies of the Works to the public by rights-managed license, and to authorize and control the display of those works publicly to news, advertising, media, or any other sources.  Customer understands that he/she/it is conveying these exclusive rights to Agency during the terms of this Agreement and any renewals thereof.  Per 17 U.S.C. § 501(b), Agency will exclusively own and hold Customer's distribution, reproduction, and display rights in the Works, each of which is an exclusive right under § 106 of the Copyright Act.  This Agreement functions as an exclusive transfer of an exclusive right per § 106 of the Copyright Act.

13.    The Agency Agreement likewise conveys "the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to the Agency, whether such infringements commenced prior to execution of this Agreement or during the term of this Agreement."  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

14.    Following execution of the Agency Agreement, Plaintiff has served as the exclusive licensor and distributor of the Work and all other photographs in the above-named customer's image library.  Stated differently, the above-named customer ceased all licensing of its image library after execution of the Agency Agreement.

15.    While the above-named customer still maintains a website (https://www.preparedfoodphotos.com/) which displays many of the photographs in its image library, the "Terms of Use" (www.preparedfoodphotos.com/wp-content/uploads/12092025-PFP-Terms-of-Use-4.pdf), "Contact" (https://www.preparedfoodphotos.com/contact-us/), and other pages were updated after execution of the Agency Agreement to reflect that all licensing and/or distribution of the customer's image library would be through Plaintiff exclusively.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

16.    Following execution of the Agency Agreement, Plaintiff has expended significant time and incurred significant expense in leveraging its contacts/resources to license the above-named customer's image library and has, in fact, entered into one or more license/subscription agreements with respect to such library.

**III.    Defendants' Unlawful Activities**

17.    Muehler individually owns and operates the Mills Country Market ("Mills Market") supermarket located at 113 Miller Street, New York Mills, MN 56567.

18.    Mills Market advertises/markets its business through its website (https://www.millscountrymarket.com/) social media (e.g., https://www.facebook.com/Millscountrymarket/) and other forms of advertising.

19.    Mason Bros. is a full line wholesale grocery distributor.  In addition to distribution, Mason Bros. provides personalized support through in-store merchandising, advertising services, and logistics.  Among such services, Mason Bros. designs and prints weekly circulars for grocery stores such as Mills Market.

20.    Mason Bros. advertises/markets its business through its website (https://masonbros.com/), social media (e.g., https://www.facebook.com/Masonbrotherswholesale/), and other forms of advertising.

21.    At all times relevant hereto, Defendants maintained a contractual relationship whereby, upon information and belief, Mason Bros. created various flyers and/or advertisements that were then published by Defendants in connection with the marketing of both Mills Market and Mason Bros.' respective businesses.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

22.     On multiple dates after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on Defendants' website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing Defendants' business.

23.     Notably, Mason Bros. designs weekly advertisements/circulars not only to promote its customers' businesses but also its own.  For example, Mason Bros. includes an "advertising" page on its website (https://masonbros.com/services/advertising/) that describes the various advertising services provided by Mason Bros., including "weekly ads that drive sales."

24.     Mason Bros. likewise includes sub-pages on its website identifying the various customers for which it designs weekly advertisements/circulars and which, upon information and belief, displayed the weekly advertisements/circulars themselves.

25.     For example, Mason Bros. has a specific sub-page for Mills Market (https://masonbros.com/weeklyads/mills-country-market) that currently states "supplied by Mason Brothers") and previously (prior to the filing of this lawsuit) displayed the weekly advertisements/circulars themselves, including those at issue in this lawsuit for which Plaintiff alleges contained infringing content.

26.     Upon information and belief, Mason Bros. included its name and/or other contact information in each weekly advertisement/circular designed for Mills Market (including those containing the alleged infringements at issue herein) as a means of advertising its own services to other potential grocery store customers.  Indeed, the first

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

page of each such weekly advertisement/circular contains the following statement:

**SUPPLIED BY MASON BROTHERS**

27.    True and correct copies of screenshots of Mills Market's website, webpage, social media, and/or print media, displaying the copyrighted Work, are attached hereto as Exhibit "A."

28.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff or its above-name customer to seek permission to use the Work in connection with Defendants' website, webpage, social media, and/or print media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

29.    Defendants utilized the Work for commercial use.

30.    Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

31.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer first discovered Defendants' unauthorized use/display of the Work in August 2024.  Following such discovery, Plaintiff and/or its above-named customer notified Mills Market in writing of such unauthorized use.

32.    All conditions precedent to this action have been performed or have been waived.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## COUNT I – COPYRIGHT INFRINGEMENT

33.    Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

34.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

35.    Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

36.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the Work by the above-named customer).

37.    As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendants' website, webpage, social media, and/or print media.

38.    Defendants reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

39.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

either direct, vicarious, and/or contributory.

40.     Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.  Notably, Defendants themselves utilizes a copyright disclaimer on their websites ("©2026 Mill's Country Market" and "Mason Bros © 2026"), indicating that Defendants understand the importance of copyright protection and intellectual property rights. Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

41.     Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website notwithstanding multiple communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after  nearly  a  dozen  communication attempts  demonstrates  Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected  in  his  refusal  to  talk  to  Plaintiff,  to  remove  the photographs  promptly  from  the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS   171820,   at   *10   n.8   (M.D.   Fla.   Sep.   6,   2018)   ("Because

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendant's website.

42. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

43. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

44. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

45. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

46. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

46.    Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

47.    Plaintiff is the exclusive licensor and distributor of Prepared Food Photos' image library, consisting of approximately 18,000 photographs that are offered to license to grocery stores, ad companies, and related food industry businesses.

48.    Plaintiff has and continues to maintain ongoing licensing/subscription relationships with numerous businesses, including competitors of Defendants, with respect

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

to Prepared Food Photos' image library.

49.     Defendants and/or their agent(s) were notified of the wrongful usage of the photographs at issue herein and at all material times knew of Plaintiff's valuable relationship with its licensees/subscribers.

50.     Despite the foregoing knowledge, Defendants intentionally interfered with Plaintiff's licensing of the subject image library by continually and repeatedly creating weekly advertisements using the subject image library without making any payment to Plaintiff and drastically undercutting Plaintiff and/or its commonly-owned companies' ability to compete in the marketplace.

51.     Defendants' repeated conduct extends beyond fair competition and has been tortious, in bad faith, dishonest, improper, and designed to harm Plaintiff.

52.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  Awarding Plaintiff actual, compensatory, and consequential damages as the Court deems just and proper;

b.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts; and

c.  For such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

53.     Plaintiff re-alleges and incorporates paragraphs 1 through 32 as set forth above.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

54.     Defendants had a duty to exercise reasonable care to ensure that the photographs they continued to select and use for their weekly ads and/or other marketing material had the proper licenses, permissions, and authorizations from their respective owners/distributors, including Plaintiff.

55.     Defendants breached their duty to Plaintiff when they continued to publish weekly ads and/or other marketing material that included the Work and by failing to take any actions to confirm Defendants' rights to use such photographs.

56.     As a direct and proximate result of Defendants' actions and/or failures to act, Plaintiff was damaged and deprived of the right to control, sell, market, and/or distribute the Work.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Awarding Plaintiff actual, compensatory, and consequential damages as the Court deems just and proper;

b. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts; and

c. For such other relief as the Court deems just and proper.

Dated: June 26, 2026.                           H. Alan Kantrud (#0281086)
                                                P.O. Box 517
                                                Willernie, MN 55090
                                                Tel: 612-743-4242
                                                Email: hakantrud@protonmail.com

                                                By: /s/ H. Alan Kantrud

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228